# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

RICOH COMPANY, LTD. and
RICOH AMERICAS CORPORATION,

      Plaintiffs,

      v.

 EASTMAN KODAK COMPANY,

      Defendant.

Case No. 14-cv-2952 (DLC)

**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF
DEFENDANT EASTMAN KODAK COMPANY TO AMENDED COMPLAINT
FILED BY RICOH COMPANY, LTD. AND RICOH AMERICAS CORPORATION**

Defendant Eastman Kodak Company ("Kodak") hereby submits this Answer, Affirmative Defenses, and Counterclaims to the Amended Complaint ("Complaint") of Ricoh Company, Ltd. and Ricoh Americas Corporation (collectively, "Ricoh").  (Dkt. No 8 [Amended Complaint].) Allegations not expressly admitted are hereby denied.  Kodak hereby responds to each numbered paragraph of the Complaint as follows:

## THE PARTIES[1]

1.      Kodak admits that Ricoh Company, Ltd. is a Japanese corporation. Kodak lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 1.

2.      Kodak admits that Ricoh Americas Corporation is a wholly owned and controlled subsidiary of Ricoh Company, Ltd. and that Ricoh Americas Corporation is a Delaware corporation with a principal place of business located in Malvern, Pennsylvania.  Kodak lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations

---

[1]      For convenience and clarity, Kodak's Answer utilizes the same headings as in Ricoh's Complaint.  Kodak does not admit any of the allegations contained in Ricoh's headings.

of Paragraph 2.

3.      Kodak admits the allegations contained in Paragraph 3.

## JURISDICTION AND VENUE

4.      Paragraph 4 contains no allegations to which a response is required.

5.      No answer is required to the allegations in Paragraph 5, which consist of conclusions of law.

6.      No answer is required to the allegations in Paragraph 6, which consist of conclusions of law.  To the extent that an answer is required, Kodak admits that it has a principal place of business in the State of New York and that it has done business in this District.  Kodak denies the other allegations in Paragraph 6.

7.      No answer is required to the allegations in Paragraph 7, which consist of conclusions of law.  To the extent an answer is required, Kodak admits, for purposes of this action only, that venue is proper in this District.

## NATURE AND BACKGROUND OF THE ACTION

8.      Kodak admits that Ricoh alleges in the Complaint that Kodak infringes U.S. Patent Nos. 6,209,048 B1; 6,231,652 B1; 6,256,662 B1; 7,344,326 B2; 7,508,533 B2; 7,712,989 B2; 7,719,702 B2; and 7,169,522 B2 (collectively, the "Ricoh Patents").  Kodak admits that on July 17, 2012, Ricoh filed Proofs of Claim in the United States Bankruptcy Court for the Southern District of New York (numbered 5835 and 5807) purporting to allege infringement of U.S. Patent Nos. 6,209,048 B1; 6,231,652 B1; 6,256,662 B1; 7,344,326 B2; 7,508,533 B2; 7,712,989 B2; and 7,719,702 B2.  Kodak denies that these Proofs of Claim constituted "notice" of the asserted patents.  Kodak admits that on April 18, 2013 Ricoh filed an adversary complaint in the United States Bankruptcy Court for the Southern District of New York purporting to allege

infringement of U.S. Patent 7,169,522.  Kodak denies that the adversary complaint constituted "notice" of U.S. Patent 7,169,522.

9.      Kodak admits the allegations of Paragraph 9 of the Complaint.

10.     Kodak admits the allegations of Paragraph 10 of the Complaint.

11.     Kodak admits that Ricoh filed Proofs of Claim in the United States Bankruptcy Court for the Southern District of New York on July 17, 2012 (numbered 5835 and 5807) purporting to allege infringement of U.S. Patent Nos. 6,209,048 B1; 6,231,652 B1; 6,256,662 B1; 7,344,326 B2; 7,508,533 B2; 7,712,989 B2; and 7,719,702 B2.   No response is required to the remaining allegations in Paragraph 11, which purport to characterize the Proofs of Claim.

12.     Kodak admits that, on April 18, 2013, Ricoh filed an adversary proceeding against Kodak in the United States Bankruptcy Court for the Southern District of New York.  No response is required to the remaining allegations in Paragraph 12, which purport to characterize Ricoh's adversary complaint.

13.     Kodak admits the allegations of Paragraph 13 of the Complaint.

14.     Kodak admits that the Adversary Complaint was withdrawn to this Court following the Court's May 23, 2014 Order.  No response is required to Ricoh's characterizations of the Court's May 23, 2014 Order, which speaks for itself.  Kodak denies that Ricoh is entitled to a set off.

**FIRST CLAIM FOR RELIEF**
(Infringement of U.S. Patent No. 6,209,048)

15.     Kodak incorporates by reference its responses as set forth in Paragraphs 1-14 as if set forth fully herein.

16.     Kodak admits that United States Patent Number 6,209,048 ("'048 Patent")  is titled "Peripheral with Integrated HTTP Server for Remote Access Using URLs."  Kodak admits

that an uncertified copy of what purports to be the '048 Patent is attached to the Complaint as

Exhibit 1.  Kodak denies that the '048 Patent was properly issued.

17.     Kodak denies the allegations contained in Paragraph 17.

18.     Kodak lacks knowledge or information sufficient to form a belief as to the truth of

the allegations of Paragraph 18 and, therefore, denies them.

19.     Kodak denies the allegations contained in Paragraph 19.

20.     Kodak has moved to dismiss the allegations contained in Paragraph 20 and,

therefore, no response is required.

21.     Kodak has moved to dismiss the allegations contained in Paragraph 21 and,

therefore, no response is required.

22.     Kodak denies the allegations contained in Paragraph 22.

## SECOND CLAIM FOR RELIEF
(Infringement of U.S. Patent No. 6,256,662 B1)

23.     Kodak incorporates by reference its responses as set forth in Paragraphs 1-22 as if

set forth fully herein.

24.     Kodak admits that United States Patent Number 6,256,662 ("'662 Patent")  is

titled "Network Image Scanning System Which Transmits Image Information From a Scanner

Over a Network to a Client Computer."  Kodak admits that an uncertified copy of what purports

to be the '662 Patent is attached to the Complaint as Exhibit 2.  Kodak denies that the '662

Patent was properly issued.

25.     Kodak denies the allegations contained in Paragraph 25.

26.     Kodak lacks knowledge or information sufficient to form a belief as to the truth of

the allegations of Paragraph 26 and, therefore, denies them.

27.     Kodak denies the allegations contained in Paragraph 27.

28.     Kodak has moved to dismiss the allegations contained in Paragraph 28 and, therefore, no response is required.

29.     Kodak has moved to dismiss the allegations contained in Paragraph 29 and, therefore, no response is required.

30.     Kodak denies the allegations contained in Paragraph 30.

### THIRD CLAIM FOR RELIEF
(Infringement of U.S. Patent No. 6,231,652)

31.     Kodak incorporates by reference its responses as set forth in Paragraphs 1-30 as if set forth fully herein.

32.     Kodak admits that United States Patent Number 6,231,652 ("'652 Patent") is titled "Aqueous Ink Composition and Ink-Jet Printing Method Using the Same."  Kodak admits that an uncertified copy of what purports to be the '652 Patent is attached to the Complaint as Exhibit 3.  Kodak denies that the '652 Patent was properly issued.

33.     Kodak denies the allegations contained in Paragraph 33.

34.     Kodak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 and, therefore, denies them.

35.     Kodak denies the allegations contained in Paragraph 35.

36.     Kodak has moved to dismiss the allegations contained in Paragraph 36 and, therefore, no response is required.

37.     Kodak has moved to dismiss the allegations contained in Paragraph 37 and, therefore, no response is required.

38.     Kodak denies the allegations contained in Paragraph 38.

## FOURTH CLAIM FOR RELIEF
(Infringement of U.S. Patent No. 7,344,326 B2)

39.     Kodak incorporates by reference its responses as set forth in Paragraphs 1-38 as if set forth fully herein.

40.     Kodak admits that United States Patent Number 7,344,326 B2 ("'326 Patent")  is titled "Ink Jet Recording Apparatus Capable of Performing a Duplex Print Operation."  Kodak admits that an uncertified copy of what purports to be the '326 Patent is attached to the Complaint as Exhibit 4.  Kodak denies that the '326 Patent was properly issued.

41.     Kodak denies the allegations contained in Paragraph 41.

42.     Kodak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42 and, therefore, denies them.

43.     Kodak denies the allegations contained in Paragraph 43.

44.     Kodak has moved to dismiss the allegations contained in Paragraph 44 and, therefore, no response is required.

45.     Kodak has moved to dismiss the allegations contained in Paragraph 45 and, therefore, no response is required.

46.     Kodak denies the allegations contained in Paragraph 46.

## FIFTH CLAIM FOR RELIEF
(Infringement of U.S. Patent No. 7,508,533 B2)

47.     Kodak incorporates by reference its responses as set forth in Paragraphs 1-46 as if set forth fully herein.

48.     Kodak admits that United States Patent Number 7,508,533 B2 ("'533 Patent")  is titled "Method and Computer Program Product for Controlling a Configuration of a Printer." Kodak admits that an uncertified copy of what purports to be the '533 Patent is attached to the Complaint as Exhibit 5.  Kodak denies that the '533 Patent was properly issued.

49.     Kodak denies the allegations contained in Paragraph 49.

50.     Kodak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50 and, therefore, denies them.

51.     Kodak denies the allegations contained in Paragraph 51.

52.     Kodak has moved to dismiss the allegations contained in Paragraph 52 and, therefore, no response is required.

53.     Kodak has moved to dismiss the allegations contained in Paragraph 53 and, therefore, no response is required.

54.     Kodak denies the allegations contained in Paragraph 54.

## SIXTH CLAIM FOR RELIEF
(Infringement of U.S. Patent No. 7,712,989)

55.     Kodak incorporates by reference its responses as set forth in Paragraphs 1-54 as if set forth fully herein.

56.     Kodak admits that United States Patent Number 7,712,989 ("'989 Patent") is titled "Ink Jet Recording Apparatus Capable of Performing a Duplex Print Operation."  Kodak admits that an uncertified copy of what purports to be the '989 Patent is attached to the Complaint as Exhibit 6.  Kodak denies that the '989 Patent was properly issued.

57.     Kodak denies the allegations contained in Paragraph 57.

58.     Kodak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 58 and, therefore, denies them.

59.     Kodak denies the allegations contained in Paragraph 59.

60.     Kodak has moved to dismiss the allegations contained in Paragraph 60 and, therefore, no response is required.

61.     Kodak has moved to dismiss the allegations contained in Paragraph 61 and,

therefore, no response is required.

62.     Kodak denies the allegations contained in Paragraph 62.

## SEVENTH CLAIM FOR RELIEF
(Infringement of U.S. Patent No. 7,719,702)

63.     Kodak incorporates by reference its responses as set forth in Paragraphs 1-62 as if set forth fully herein.

64.     Kodak admits that United States Patent Number 7,719,702 ("'702 Patent") is titled "System for Preparing An Icon Symbolizing a Plurality of Printing Conditions."  Kodak admits that an uncertified copy of what purports to be the '702 Patent is attached to the Complaint as Exhibit 7.  Kodak denies that the '702 Patent was properly issued.

65.     Kodak denies the allegations contained in Paragraph 65.

66.     Kodak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 66 and, therefore, denies them.

67.     Kodak denies the allegations contained in Paragraph 67.

68.     Kodak has moved to dismiss the allegations contained in Paragraph 68 and, therefore, no response is required.

69.     Kodak has moved to dismiss the allegations contained in Paragraph 69 and, therefore, no response is required.

70.     Kodak denies the allegations contained in Paragraph 70.

## EIGHTH CLAIM FOR RELIEF
(Infringement of U.S. Patent No. 7,169,522 B2)

71.     Kodak incorporates by reference its responses as set forth in Paragraphs 1-70 as if set forth fully herein.

72.     Kodak admits that United States Patent Number 7,169,522 B2 ("'522 Patent") is

titled "Toner for Developing a Latent Electrostatic Image, Developer Using the Same, Full-Color Toner Kit, et.al."  Kodak admits that an uncertified copy of what purports to be the '522 Patent is attached to the Complaint as Exhibit 8.  Kodak denies that the '522 Patent was properly issued.

73.     Kodak denies the allegations contained in Paragraph 73.

74.     Kodak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 74 and, therefore, denies them.

75.     Kodak denies the allegations contained in Paragraph 75.

76.     Kodak has moved to dismiss the allegations contained in Paragraph 76 and, therefore, no response is required.

77.     Kodak has moved to dismiss the allegations contained in Paragraph 77 and, therefore, no response is required.

78.     Kodak denies the allegations contained in Paragraph 78.

## RESERVATION OF RIGHTS

79.     Paragraph 79 contains no allegations to which a response is required.  To the extent a response is required, Kodak denies the allegations of Paragraph 79.

## JURY DEMAND

80.     Paragraph 80 contains no allegations to which a response is required.

## RESPONSE TO RICOH'S PRAYER FOR RELIEF

Ricoh's prayer for relief contains no allegations to which a response is required. To the extent a response is required, Kodak denies that Ricoh is entitled to the requested relief.

## DEFENSES AND AFFIRMATIVE DEFENSES

Kodak asserts the following defenses to Ricoh's Complaint.

**FIRST DEFENSE**
**(Failure To State A Claim)**

1.      Ricoh has failed to state a claim on which relief can be granted because Kodak has not performed any act and is not performing any act in violation of any rights validly belonging to Ricoh.

**SECOND DEFENSE**
**(Non-Infringement)**

2.      Kodak has not infringed and is not infringing, either directly, contributorily, or by inducement, any claim of the Ricoh Patents, either literally or under the doctrine of equivalents, willfully or otherwise.

**THIRD DEFENSE**
**(Invalidity)**

3.      One or more of the claims of each of the Ricoh Patents are invalid for failing to meet one or more of the requisite statutory or decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation §§ 101, 102, 103, and 112.

**FOURTH DEFENSE**
**(Unenforceability)**

4.      The Ricoh Patents are unenforceable against Kodak because of one or more applicable equitable doctrines, such as laches, estoppel, collateral estoppel, waiver, or unclean hands.

**FIFTH DEFENSE**
**(Limitation on Damages)**

5.      Ricoh's right to seek damages is limited, including without limitation by 35 U.S.C. §§ 284, 285, 286 and 287.

## SIXTH DEFENSE
### (License)

6.      Kodak is exempt from liability for infringement in whole or in part to the extent that any of the alleged inventions described in and allegedly covered by the Ricoh Patents are used, manufactured, or sold by or for Kodak, its suppliers, and/or its customers pursuant to a license, either expressed or implied.

## SEVENTH DEFENSE
### (Reservation of Rights)

7.       Kodak reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further investigation in this case.

## COUNTERCLAIMS

Counterclaim Plaintiff Eastman Kodak Company ("Kodak"), on behalf of itself and its affiliated reorganized debtors (collectively, the "Reorganized Debtors"), alleges Counterclaims against Counterclaim Defendants Ricoh Company, Ltd. and Ricoh Americas Corporation (collectively, "Ricoh") as set forth below.  Kodak's Counterclaims against Ricoh are made subject to Kodak's rights and defenses with respect to any withdrawal of the reference of this adversary proceeding or any objection thereto.

## PARTIES

1.      Counterclaim Plaintiff Kodak is a corporation organized and existing under the laws of the state of New Jersey, with its principal place of business in Rochester, New York.

2.      On information and belief, Counterclaim Defendant Ricoh Company, Ltd. is a Japanese corporation that Ricoh has alleged in its Amended Complaint has its principal office in

Kanagawa, Japan; and Counterclaim Defendant Ricoh Americas Corporation is a Delaware corporation with its principal office in Malvern, Pennsylvania.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1334, and 1338.

4.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1409.

## FACTS

5.      Ricoh claims to be the owner of all rights, titles, and interests in and to U.S. Patent Nos. 6,209,048, 6,231,652 B1, 6,256,662 B1, 7,344,326 B2, 7,508,533 B2, 7,712,989 B2, 7,719,702 B2, and 7,169,522 B2 (collectively, the "Ricoh Patents").

6.      Ricoh has accused Kodak of infringement of the Ricoh Patents.

7.      An actual case or controversy exists between the parties concerning the infringement, validity, or enforceability of one or more claims of the Ricoh Patents.

## COUNT ONE
### (Declaratory Judgment of Non-Infringement and Invalidity of the '048 Patent)

8.      Kodak repeats and realleges the allegations of the preceding Answer Paragraphs 1-80, its Defenses and Affirmative Defenses, and Counterclaim Paragraphs 1-7 as if fully set forth herein.

9.      Kodak has not infringed and is not infringing, either directly, contributorily, or by inducement, any claim of the '048 Patent, either literally or under the doctrine of equivalents, willfully or otherwise.

10.     The '048 Patent is invalid for failing to meet one or more of the requisite statutory or decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation §§ 101, 102, 103, and/or 112.

11.     Kodak is entitled to a declaratory judgment that it has not infringed and is not infringing the '048 Patent, and that the '048 Patent is invalid.

## COUNT TWO
### (Declaratory Judgment of Non-Infringement and Invalidity of the '662 Patent)

12.     Kodak repeats and realleges the allegations of the preceding Answer Paragraphs 1-80, its Defenses and Affirmative Defenses, and Counterclaim Paragraphs 1-11 as if fully set forth herein.

13.     Kodak has not infringed and is not infringing, either directly, contributorily, or by inducement, any claim of the '662 Patent, either literally or under the doctrine of equivalents, willfully or otherwise.

14.     The '662 Patent is invalid for failing to meet one or more of the requisite statutory or decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation §§ 101, 102, 103, and/or 112.

15.     Kodak is entitled to a declaratory judgment that it has not infringed and is not infringing the '662 Patent, and that the '662 Patent is invalid.

## COUNT THREE
### (Declaratory Judgment of Non-Infringement and Invalidity of the '652 Patent)

16.     Kodak repeats and realleges the allegations of the preceding Answer Paragraphs 1-80, its Defenses and Affirmative Defenses, and Counterclaim Paragraphs 1-15 as if fully set forth herein.

17.     Kodak has not infringed and is not infringing, either directly, contributorily, or by inducement, any claim of the '652 Patent, either literally or under the doctrine of equivalents, willfully or otherwise.

18.     The '652 Patent is invalid for failing to meet one or more of the requisite statutory or decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation §§ 101, 102, 103, and/or 112.

19.     Kodak is entitled to a declaratory judgment that it has not infringed and is not infringing the '652 Patent, and that the '652 Patent is invalid.

<u>**COUNT FOUR**</u>
<u>**(Declaratory Judgment of Non-Infringement and Invalidity of the '326 Patent)**</u>

20.     Kodak repeats and realleges the allegations of the preceding Answer Paragraphs 1-80, its Defenses and Affirmative Defenses, and Counterclaim Paragraphs 1-19 as if fully set forth herein.

21.     Kodak has not infringed and is not infringing, either directly, contributorily, or by inducement, any claim of the '326 Patent, either literally or under the doctrine of equivalents, willfully or otherwise.

22.     The '326 Patent is invalid for failing to meet one or more of the requisite statutory or decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation §§ 101, 102, 103, and/or 112.

23.     Kodak is entitled to a declaratory judgment that it has not infringed and is not infringing the '326 Patent, and that the '326 Patent is invalid.

<u>**COUNT FIVE**</u>
<u>**(Declaratory Judgment of Non-Infringement and Invalidity of the '533 Patent)**</u>

24.     Kodak repeats and realleges the allegations of the preceding Answer Paragraphs 1-80, its Defenses and Affirmative Defenses, and Counterclaim Paragraphs 1-23 as if fully set forth herein.

25.     Kodak has not infringed and is not infringing, either directly, contributorily, or by inducement, any claim of the '533 Patent, either literally or under the doctrine of equivalents, willfully or otherwise.

26.     The '533 Patent is invalid for failing to meet one or more of the requisite statutory or decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation §§ 101, 102, 103, and/or 112.

27.     Kodak is entitled to a declaratory judgment that it has not infringed and is not infringing the '533 Patent, and that the '533 Patent is invalid.

**COUNT SIX**
**(Declaratory Judgment of Non-Infringement and Invalidity of the '989 Patent)**

28.     Kodak repeats and realleges the allegations of the preceding Answer Paragraphs 1-80, its Defenses and Affirmative Defenses, and Counterclaim Paragraphs 1-27 as if fully set forth herein.

29.     Kodak has not infringed and is not infringing, either directly, contributorily, or by inducement, any claim of the '989 Patent, either literally or under the doctrine of equivalents, willfully or otherwise.

30.     The '989 Patent is invalid for failing to meet one or more of the requisite statutory or decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation §§ 101, 102, 103, and/or 112.

31.     Kodak is entitled to a declaratory judgment that it has not infringed and is not infringing the '989 Patent, and that the '989 Patent is invalid.

## COUNT SEVEN
### (Declaratory Judgment of Non-Infringement and Invalidity of the '702 Patent)

32.     Kodak repeats and realleges the allegations of the preceding Answer Paragraphs 1-80, its Defenses and Affirmative Defenses, and Counterclaim Paragraphs 1-31 as if fully set forth herein.

33.     Kodak has not infringed and is not infringing, either directly, contributorily, or by inducement, any claim of the '702 Patent, either literally or under the doctrine of equivalents, willfully or otherwise.

34.     The '702 Patent is invalid for failing to meet one or more of the requisite statutory or decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation §§ 101, 102, 103, and/or 112.

35.     Kodak is entitled to a declaratory judgment that it has not infringed and is not infringing the '702 Patent, and that the '702 Patent is invalid.

## COUNT EIGHT
### (Declaratory Judgment of Non-Infringement and Invalidity of the '522 Patent)

36.     Kodak repeats and realleges the allegations of the preceding Answer Paragraphs 1-80, its Defenses and Affirmative Defenses, and Counterclaim Paragraphs 1-35 as if fully set forth herein.

37.     Kodak has not infringed and is not infringing, either directly, contributorily, or by inducement, any claim of the '522 Patent, either literally or under the doctrine of equivalents, willfully or otherwise.

38.     The '522 Patent is invalid for failing to meet one or more of the requisite statutory or decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation §§ 101, 102, 103, and/or 112.

39.     Kodak is entitled to a declaratory judgment that it has not infringed and is not infringing the '522 Patent, and that the '522 Patent is invalid.

## PRAYER FOR RELIEF

WHEREFORE, Kodak respectfully requests that the Court:

(a) Dismiss the Compliant in its entirety, with prejudice;

(b) Enter judgment in favor of Kodak and against Ricoh;

(c) Declare that Kodak has not infringed, and is not infringing, each of the Ricoh Patents;

(d) Declare that one or more of the claims of each of the Ricoh Patents are invalid, void and/or unenforceable against Kodak;

(e) Grant Kodak all reasonable attorneys' fees, experts' fees, and costs;

(f) Grant such further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendant and Counterclaim Plaintiff Kodak hereby demands trial by jury on all issues so triable raised by Ricoh's Complaint or by Kodak's Answer, Defenses and Affirmative Defenses, and Counterclaims.

Dated: June 27, 2014
        New York, New York

                                        */s/ Robert J. Gunther, Jr.*_____
                                        Robert J. Gunther, Jr.
                                        George W. Shuster
                                        WILMER CUTLER PICKERING HALE AND DORR LLP
                                        7 World Trade Center
                                        250 Greenwich Street
                                        New York, NY 10007
                                        Telephone:  (212) 230-8800
                                        Facsimile:  (212) 230-8888
                                        Email: robert.gunther@wilmerhale.com
                                                george.shuster@wilmerhale.com

                                        Brian D. Glueckstein
                                        Andrew G. Dietderich

SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004-2498
P:  (212) 558-4000
F:  (212) 558-3588
Email: gluecksb@sullcrom.com
        dietdericha@sullcrom.com

*Of Counsel*

Michael J. Summersgill
Jordan L. Hirsch
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Tel: (617) 526-6000
Fax: (617) 526-5000
Email: michael.summersgill@wilmerhale.com
        jordan.hirsch@wilmerhale.com

Nina S. Tallon
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone:  (202) 663-6000
Facsimile:  (202) 663-6363
Email: nina.tallon@wilmerhale.com

*Attorneys for Eastman Kodak Company*

ActiveUS 130989862v.1