**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RICOH COMPANY, LTD. and<br>RICOH AMERICAS CORPORATION,<br><br>     Plaintiffs,<br><br>     v.<br><br>EASTMAN KODAK COMPANY,<br><br>     Defendant. | Case No. 14-cv-2952 (DLC) |

**MEMORANDUM OF LAW IN SUPPORT OF KODAK'S MOTION TO DISMISS**
**RICOH'S CLAIMS OF INDUCED, CONTRIBUTORY, AND WILLFUL**
**<u>INFRINGEMENT</u>**

**TABLE OF CONTENTS**

I.   INTRODUCTION ...................................................................................................... 1

II.  BACKGROUND ...................................................................................................... 3

III. ARGUMENT ............................................................................................................ 4

   A.  Ricoh's Induced Infringement Claims Should Be Dismissed ............................ 5

   B.  Ricoh's Contributory Infringement Claims Should Be Dismissed ..................... 7

   C.  Ricoh's Willful Infringement Claims Should Be Dismissed .............................. 9

IV.  CONCLUSION ....................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*3D Sys., Inc. v. Formlabs, Inc.,*
   No. 13-cv-7973, 2014 WL 1904365 (S.D.N.Y. May 12, 2014) ...........................................5, 8

*Air Vent, Inc. v. Owens Corning Corp.,*
   No. 10-cv-1699, 2011 WL 2601043 (W.D. Pa. June 30, 2011) ................................................7

*Artemi Ltd. v. Safe-Strap Co.,*
   947 F. Supp. 2d 473 (D.N.J. 2013) .........................................................................................7

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009)............................................................................................1, 4, 5, 9, 10

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544 (2007)...............................................................................................4, 5, 9, 10

*Brandywine Commc'ns Techs., LLC v. T-Mobile USA, Inc.,*
   904 F. Supp. 2d 1260 (M.D. Fla. 2012)...............................................................................10

*C.R. Bard, Inc. v. Advanced Cardiovascular Sys., Inc.,*
   911 F.2d 670 (Fed. Cir. 1990)................................................................................................5

*DSU Med. Corp. v. JMS Co., Ltd.,*
   471 F.3d 1293 (Fed. Cir. 2006)..............................................................................................6

*Global-Tech. Appliances, Inc. v. SEB S.A.,*
   131 S. Ct. 2060 (2011)............................................................................................................6

*i4i Ltd. P'ship v. Microsoft Corp.,*
   598 F.3d 831 (Fed. Cir. 2010) *aff'd,* 131 S. Ct. 2238 (2011) .................................................7

*In re Seagate Tech., LLC,*
   497 F.3d 1360 (Fed. Cir. 2007)..............................................................................................9

*IpVenture Inc. v. Lenovo Grp. Ltd.,*
   No. 11-cv-588, 2013 WL 126276 (D. Del. Jan. 8, 2013) .......................................................10

*Koninklijke Philips Elecs. N.V. v. The ADS Grp.,*
   694 F. Supp. 2d 246 (S.D.N.Y. 2010)......................................................................................7

*MyMedicalRecords, Inc. v. Jardogs, LLC,*
   No. 2:13-cv-3560, 2014 WL 32157 (C.D. Cal. Jan. 6, 2014).................................................10

*Pragmatus Telecom, LLC v. Ford Motor Co.*,
    No. 12-cv-92, 2012 WL 2700495 (D. Del. July 5, 2012) .................................................7, 9

*Radiancy, Inc. v. Viatek Consumer Prods. Grp., Inc.*,
    No. 13-cv-3767, 2014 WL 1318374 (S.D.N.Y. Apr. 1, 2014) ..................................................4

*ReefEdge Networks, LLC v. Juniper Networks, Inc.*,
    No. 13-cv-412, 2014 WL 1217263 (D. Del. Mar. 21, 2014) ................................................10

*Solannex, Inc. v. MiaSole*,
    No. C 11-00171, 2011 WL 4021558 (N.D. Cal. 2011) ....................................................5, 9

*Superior Indus., LLC v. Thor Global Enters. Ltd.*,
    700 F.3d 1287 (Fed. Cir. 2012)..........................................................................5, 6, 8

*Unisone Strategic IP, Inc. v. Life Techs. Corp.*,
    No. 13-cv-1278, 2013 WL 5729487 (S.D. Cal. Oct. 22, 2013)................................................9

*Vita-Mix Corp. v. Basic Holding, Inc.*,
    581 F.3d 1317 (Fed. Cir. 2009)..........................................................................5

*Worldwide Home Prods., Inc. v. Time, Inc.*,
    No. 11-cv-3633, 2012 WL 6705876 (S.D.N.Y. Dec. 21, 2012) ..............................................7

**FEDERAL STATUTES**

35 U.S.C. § 271(b) .............................................................................................5

35 U.S.C. § 271(c) .............................................................................................7

**RULES**

Fed. R. Civ. P. 12(b)(6)........................................................................................4

Eastman Kodak Company ("Kodak") respectfully submits this motion to dismiss the claims of induced, contributory, and willful infringement that Ricoh Company Ltd. and Ricoh Americas Corporation (collectively, "Ricoh") make in their June 6, 2014 Amended Complaint. (Dkt. 8 [Am. Compl.].)

## I.     INTRODUCTION

The Supreme Court has made clear that a plaintiff cannot meet the pleading requirements by simply parroting the elements of a claim.  Instead, the plaintiff must set forth factual support for each element of its claim.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'").  Ricoh filed its infringement claims against Kodak in response to – and in apparent retaliation for – Kodak's breach of contract action against Ricoh. The quality of Ricoh's claims reflects that motivation. Ricoh's claims of induced, contributory, and willful patent infringement do not come close to meeting the pleading standard.

*First*, to state a claim for induced infringement, Ricoh must specifically allege and provide factual support showing that: (i) Kodak knew about patents that Ricoh asserts in this case; (ii) Kodak knowingly induced a third party to infringe the asserted patents; (iii) Kodak *specifically intended* the third party to infringe the asserted patents; and (iv) as a result of Kodak's actions, the third party directly infringed the patents.  Ricoh utterly fails to meet this standard.  Ricoh's entire induced infringement allegation is a single sentence that simply asserts—***without a single supporting fact***—that Kodak "has indirectly infringed … by, with knowledge of its infringement … inducing others to manufacture, use, sell, import, and/or offer for sale the aforesaid infringing products."  (Dkt. 8 [Am. Compl.] ¶¶ 20, 28, 36, 44, 52, 60, 68, 76).  Ricoh ***does not even allege***—let alone set forth supporting facts—that Kodak knew about

the asserted patents, specifically intended a third party infringe the patents, or that a third party ever directly infringed the patents.

*Second*, to state a claim for contributory infringement, Ricoh must specifically allege and provide factual support showing that: (i) Kodak knew that the accused products constitute a "material part of the [claimed] invention" and have "no substantial non-infringing uses"; (ii) Kodak knew that the accused products were "especially made or especially adapted" to infringe the asserted patents; and (iii) one or more third parties used the accused products to directly infringe the patents.  Ricoh's complaint again utterly fails to meet this standard.  Ricoh simply asserts in one sentence that Kodak "contribut[ed] to … [the] manufacture, use, sell [*sic*], import, and/or offer for sale the aforesaid infringing products."  (*Id.* ¶¶ 20, 28, 36, 44, 52, 60, 68, 76).  Ricoh does not allege *any* of the required elements of a contributory infringement claim and does not set forth *any* facts showing how those elements are met.

*Third*, to state a claim for willful infringement, Ricoh must specifically allege and provide factual support showing that: (1) Kodak "acted despite an objectively high likelihood that its action constituted infringement of a valid patent"; and (2) "this objectively-defined risk … was either known or so obvious that it should have been known to" Kodak.  Ricoh fails this standard as well.  Ricoh again simply asserts in one sentence that Kodak's alleged infringement "has been willful."  (*Id.* ¶¶ 21, 29, 37, 45, 53, 61, 69, 77).  Ricoh does not allege any of the required elements of a willful infringement claim and does not set forth a single fact showing how those elements are met.

The pleading rules are designed to ensure that a plaintiff has some basis for its allegations and to put the defendant on reasonable notice of those allegations.  Ricoh's single-sentence allegations of induced, contributory, and willful infringement do neither.  Because Ricoh fails to

even allege the required elements of these claims—and provides no factual support for those elements—Ricoh's induced, contributory, and willful infringement claims must be dismissed.

## II.    BACKGROUND

Ricoh initially asserted its patent infringement claims against Kodak in July 2012 in the United States Bankruptcy Court for the Southern District of New York. (Dkt. 8 [Am. Compl.] ¶¶ 9-12).[1]  Ricoh's claims were brought in response to and in apparent retaliation for a lawsuit that Kodak filed against Ricoh as a result of Ricoh's failure to make royalty payments in breach of a license agreement between the parties. (*See* Dkt. 8 [Am. Compl.] ¶¶ 10-12, 79 (Ricoh filed its infringement claims seeking to offset breach of contract damages owed to Kodak).)  Ricoh's infringement claims were withdrawn to this Court following the Court's May 23, 2014 Order. (Dkt. 7.)

Ricoh filed its Amended Complaint on June 6, 2014.  (Dkt. No. 8 [Am. Compl].)  The Amended Complaint accuses various Kodak printers, software, inks, and toners of directly infringing eight patents.[2]  (*Id.* ¶¶ 19, 27, 35, 43, 51, 59, 67, 75.)

Ricoh also accuses Kodak of induced and contributory infringement for each of the asserted patents.  But Ricoh's allegations of induced and contributory infringement consist in their entirety of a single sentence that is repeated verbatim for each asserted patent:

> On information and belief, Kodak also has indirectly infringed at least one claim of the [asserted patent], literally and under the doctrine of equivalents, pursuant to 35 U.S.C. §§ 271(b) and 271(c) by, with knowledge of its infringement, contributing to and inducing others to manufacture, use, sell, import, and/or offer for sale the aforesaid infringing products.

---

[1]      *See also* Dkt. No. 2-1, [Ricoh Proof of Claim No. 5835]; Dkt. No. 2-2 [Ricoh Proof of Claim No. 5807]; Adversary Complaint filed Apr. 18, 2013 in  *Ricoh Co., Ltd. v. Eastman Kodak Co.,* Adv. Proc. No. 13-1332 (ALG) (Bankr. S.D.N.Y.).

[2]      The eight asserted patents are U.S. Patent Nos. 6,209,048; 6,231,652; 6,256,662; 7,344,326; 7,508,533; 7,712,989; 7,719,702; and 7,169,522.

(*Id.* ¶¶ 20, 28, 36, 44, 52, 60, 68, 76.)  Ricoh's complaint does not even recite any of the elements of induced or contributory infringement let alone plead any facts showing that Kodak has met these elements.

Ricoh also claims that Kodak's alleged infringement was willful.  But like its indirect infringement allegations, Ricoh's willfulness claims consist of a single conclusory sentence that is copied and pasted for each of the eight asserted patents:  "On information and belief, Kodak's infringement of the [asserted patent] has been willful."  (*Id.*  ¶¶ 21, 29, 37, 45, 53, 61, 69, 77.) Ricoh neither recites any of the legal elements of willful infringement nor pleads any facts showing how Kodak has met those elements.

## III.    ARGUMENT

To state a viable claim for relief, a plaintiff must allege factual support for each element of its asserted claims.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (finding that a "naked assertion" of wrongdoing without "factual enhancement" does not state a claim).  The Supreme Court has explained that the purpose of this pleading standard is two-fold: (i) to show that the plaintiff has some basis for its allegations; and (ii) to put the defendant on "fair notice" of the facts at issue. *See Iqbal*, 556 U.S. at 677-78; *Twombly*, 550 U.S. at 555 (explaining that a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests").

If a plaintiff fails to allege in its complaint each of the elements of its asserted claims and facts showing how the defendant satisfies those elements, the claims must be dismissed pursuant to Rule 12(b)(6).  *See Iqbal*, 556 U.S. at 678 (a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'"); *Radiancy, Inc. v. Viatek Consumer Prods. Grp., Inc.*, No. 13-cv-3767, 2014 WL 1318374 (S.D.N.Y. Apr. 1, 2014) ("'[A]

formulaic recitation of the elements of a cause of action will not do' … The facts in the complaint 'must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.'" (quoting *Twombly*, 550 U.S. at 555)).

Ricoh's single-sentence allegations of induced, contributory, and willful infringement do not come close to meeting these pleading standards. *See Superior Indus., LLC v. Thor Global Enters. Ltd*., 700 F.3d 1287, 1295 (Fed. Cir. 2012) (affirming dismissal of induced and contributory infringement claims and observing that "the pleading requirements set forth in [*Twombly* and *Iqbal*] apply to such claims"); *3D Sys., Inc. v. Formlabs, Inc.,* No. 13-cv-7973, 2014 WL 1904365, at *6 (S.D.N.Y. May 12, 2014) ("[T]he Complaint's mere conclusory allegations on indirect infringement cannot survive a motion to dismiss."); *Solannex, Inc. v. MiaSole*, No. C 11-00171, 2011 WL 4021558, at *3 (N.D. Cal. 2011) (dismissing willful infringement claim because plaintiff failed to allege defendant "had any pre-suit knowledge of the [patent] or that its conduct rises to the level of 'objective recklessness' required to support an allegation of willful infringement").

A.     **Ricoh's Induced Infringement Claims Should Be Dismissed**

To state a claim for induced infringement, Ricoh must specifically allege and provide factual support for four elements: (i) Kodak knew of the asserted patent; (ii) Kodak knowingly induced a third party to perform infringing acts; (iii) Kodak specifically intended for the induced third-party acts to infringe the asserted patents; and (iv) as a result of Kodak's supposed inducement, the third party directly infringed the asserted patents. *See* 35 U.S.C. § 271(b); *Vita-Mix Corp. v. Basic Holding, Inc.,* 581 F.3d 1317, 1328 (Fed. Cir. 2009) ("Inducement requires a showing that the alleged inducer knew of the patent, knowingly induced the infringing acts, and possessed a specific intent to encourage another's infringement of the patent"); *C.R. Bard, Inc. v. Advanced Cardiovascular Sys., Inc*., 911 F.2d 670, 673 (Fed. Cir. 1990) ("a finding of induced

or contributory infringement must be predicated on a direct infringement"); *see also Global-Tech. Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011) ("[I]nduced infringement under [35 U.S.C.] § 271(b) requires knowledge that the induced acts constitute patent infringement."); *DSU Med. Corp. v. JMS Co., Ltd.,* 471 F.3d 1293, 1306 (Fed. Cir. 2006) ("[T]he intent requirement for inducement requires more than just intent to cause the acts that produce direct infringement. Beyond that threshold knowledge, ***the inducer must have an affirmative intent to cause direct infringement***… [I]nducement requires evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities.").

Ricoh does not recite ***a single one of these elements*** in its complaint or provide ***a single supporting fact*** showing how Kodak met these elements.  Ricoh's entire inducement allegation is one sentence that simply concludes that Kodak "induc[ed] others to manufacture, use, sell, import, and/or offer for sale the aforesaid infringing products." (Dkt. No. 8 [Am. Complaint] ¶¶ 20, 28, 36, 44, 52, 60, 68, 76.)  Ricoh thus fails to allege or provide any factual support showing:

- that Kodak had pre-suit knowledge of the eight asserted patents;

- that Kodak knowingly induced a third party to infringe any of the eight asserted patents;

- that Kodak specifically intended a third party to infringe any of the eight asserted patents; or

- that a third party directly infringed any of the eight asserted patents.

Courts have repeatedly dismissed inducement claims where, as here, the plaintiff simply asserts without the required support that the defendant induced infringement.  *See Superior Indus., LLC v. Thor Global Enterprises Ltd.,* 700 F.3d 1287, 1296 (Fed. Cir. 2012) (affirming dismissal of inducement claim because "[Plaintiff] does not allege any facts to support a reasonable inference that [Defendant] specifically intended to induce infringement of the

[asserted patent] or that it knew it had induced acts that constitute infringement"); *Worldwide Home Prods., Inc. v. Time, Inc.*, No. 11-cv-3633, 2012 WL 6705876 (S.D.N.Y. Dec. 21, 2012) (dismissing induced infringement claim because "[t]he Complaint fail[ed] to plead facts showing that [Defendant] acted with the requisite culpable state of mind"); *Koninklijke Philips Elecs. N.V. v. The ADS Grp.*, 694 F. Supp. 2d 246, 253 (S.D.N.Y. 2010) (dismissing induced infringement claim because "the Amended Complaints do not allege facts permitting the conclusion that the MTD defendants acted culpably, with the specific intent of inducing infringement, a necessary element of an inducement claim").[3]

### B.  Ricoh's Contributory Infringement Claims Should Be Dismissed

To state a claim for contributory infringement, Ricoh must specifically allege and provide factual support for each of the following elements: (i) that Kodak knew that the accused products constitute a "material part of the [claimed] invention" and have "no substantial non-infringing uses"; (ii) that Kodak knew that the accused products were "especially made or especially adapted" to infringe the asserted patents; and (iii) that one or more third parties used the accused products to directly infringe the patents.  35 U.S.C. § 271(c); *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 850-51 (Fed. Cir. 2010) *aff'd*, 131 S. Ct. 2238 (2011) ("A party is liable for contributory infringement if that party sells, or offers to sell, a material or apparatus for use in practicing a patented process. That 'material or apparatus' must be a material part of the

---

[3]      *See also Artemi Ltd. v. Safe-Strap Co.*, 947 F. Supp. 2d 473, 480 (D.N.J. 2013) (dismissing induced infringement claims where plaintiff pled no facts regarding what the defendant "allegedly did to induce infringement"); *Pragmatus Telecom, LLC v. Ford Motor Co.*, No. 12-cv-92, 2012 WL 2700495, at *1 (D. Del. July 5, 2012) (dismissing indirect infringement allegations where plaintiff provided generic citation to websites and failed to allege how websites induced customers to infringe); *Air Vent, Inc. v. Owens Corning Corp.*, No. 10-cv-1699, 2011 WL 2601043, at *4 (W.D. Pa. June 30, 2011) (dismissing inducement claims where "the Complaint includes a single, vague, conclusory averment that infringement would occur by purchasers and users of Owens Corning?s [sic] VentSure Product [but] does not aver any facts as to why or how such purchasers or users would be direct infringers").

invention, have no substantial noninfringing uses, and be known (by the party) 'to be especially

made or especially adapted for use in an infringement of such patent.'").

Ricoh's Amended Complaint does not even mention the required elements of

contributory infringement, let alone allege facts to show that the elements are met.  Like its

inducement claim, Ricoh's contributory infringement allegation is a single sentence in which

Ricoh asserts that Kodak "contribut[ed] to … others to manufacture, use, sell, import, and/or

offer for sale the aforesaid infringing products."  (Dkt. 8 [Am. Compl.] ¶¶ 20, 28, 36, 44, 52, 60,

68, 76.)  Ricoh thus fails to allege or provide any factual support showing:

- that the accused Kodak products are "material to practicing the invention" and have "no substantial noninfringing uses";

- that Kodak knew that the accused products were "especially made and adapted" to infringe any of the eight asserted patents; or

- that a third party directly infringed any of the eight asserted patents.

Because Ricoh fails to allege *any* of the required elements for contributory infringement or any

factual allegations to support those elements, its contributory infringement claims must be

dismissed.

Indeed, courts have repeatedly dismissed similar claims where the plaintiff simply asserts

without support that the defendant contributorily infringed.  *See Superior Indus.*, 700 F.3d at

1296 (affirming dismissal of contributory infringement claim where plaintiff failed to allege facts

showing that the accused products were "especially made or especially adapted for use in an

infringement"); *3D Sys., Inc. v. Formlabs, Inc.,* No. 13-cv-7973, 2014 WL 1904365, at *6

(S.D.N.Y. May 12, 2014) (dismissing contributory infringement claim that consisted of "a

barebones recitation that the [accused product] was 'especially made or especially adapted' for

an infringing use and that it has 'no substantial noninfringing uses'" and offered "no facts or

allegations …that plausibly support an inference that there are no substantial noninfringing uses

of the [accused product]"); *Pragmatus*, 2012 WL 2700495, at *1 (dismissing contributory infringement claim because "[t]he allegations about the infringing systems 'constitut[ing] a material part of the claimed inventions and are not staple articles of commerce suitable for substantial non-infringing use' are supported by no facts").

C.      **Ricoh's Willful Infringement Claims Should Be Dismissed**

To state a claim for willful infringement, Ricoh must specifically allege and provide factual support for each of the following elements: (1) that Kodak "acted despite an objectively high likelihood that its action constituted infringement of a valid patent"; and (2) "that this objectively-defined risk … was either known or so obvious that it should have been known to Kodak. *See In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007).

Ricoh's willfulness allegations do not come close to meeting this standard. Ricoh's willful infringement allegations are a single sentence in which Ricoh simply asserts that Kodak's "infringement has been willful." (Dkt. 8 [Am. Compl.] ¶¶ 21, 29, 37, 45, 53, 61, 69, 77.) Ricoh's Amended Complaint does not even mention the required elements of willful infringement, let alone ***any allegation or supporting facts*** suggesting that there is an objectively high risk that Kodak was infringing a valid patent or that Kodak knew or should have known of such risk. Indeed, Ricoh does not even allege that Kodak had pre-suit knowledge of the patents. Ricoh's claim that Kodak's "infringement has been willful" is precisely the type of conclusory pleading that the Supreme Court found inadequate in *Iqbal* and *Twombly* and that courts have routinely dismissed. *See, e.g.*, *Unisone Strategic IP, Inc. v. Life Techs. Corp.*, No. 13-cv-1278, 2013 WL 5729487, at *5 (S.D. Cal. Oct. 22, 2013) (dismissing willful infringement claim where plaintiff merely wrote in the complaint that it "believes ... [Defendant's] infringement is willful"); *Solannex, Inc. v. MiaSole*, No. C 11-00171, 2011 WL 4021558, at *3 (N.D. Cal. 2011) (dismissing claim of willful infringement because plaintiff failed to allege that the defendant's

"conduct rises to the level of 'objective recklessness' required to support an allegation of willful infringement"); *MyMedicalRecords, Inc. v. Jardogs, LLC*, No. 2:13-cv-3560, 2014 WL 32157, at *3-4 (C.D. Cal. Jan. 6, 2014) (same); *Brandywine Commc'ns Techs., LLC v. T-Mobile USA, Inc.*, 904 F. Supp. 2d 1260, 1274 (M.D. Fla. 2012) (same); *ReefEdge Networks, LLC v. Juniper Networks, Inc.*, No. 13-cv-412, 2014 WL 1217263, at *2-3 (D. Del. Mar. 21, 2014) (same).

## IV.   CONCLUSION

This is not a close call.  Ricoh's Amended Complaint does not even allege the elements of its induced, contributory, and willful infringement claims, and does not provide any factual support for these claims.  Such conclusory allegations are plainly insufficient under the pleading standards established by the Supreme Court in *Iqbal* and *Twombly*.  Ricoh's inability to plead the required supporting facts for its claims—even in its Amended Complaint—confirms that it has no such facts.  Accordingly, Kodak respectfully requests that the Court dismiss Ricoh's claims of induced, contributory, and willful infringement with prejudice.  *See IpVenture Inc. v. Lenovo Grp. Ltd.*, No. 11-cv-588, 2013 WL 126276, at *3 (D. Del. Jan. 8, 2013) (dismissing amended induced and contributory infringement claims with prejudice where plaintiff's allegations contain little substance, making it clear that "[p]laintiff [could not] satisfactorily amend its Complaint").

Respectfully submitted,

Dated: June 27, 2014          */s/ Robert J. Gunther, Jr.*
       New York, New York     Robert J. Gunther, Jr.
                              George W. Shuster
                              WILMER CUTLER PICKERING HALE AND DORR LLP
                              7 World Trade Center
                              250 Greenwich Street
                              New York, NY 10007
                              Telephone:  (212) 230-8800
                              Facsimile:  (212) 230-8888
                              Email: robert.gunther@wilmerhale.com
                                     george.shuster@wilmerhale.com

                              Brian D. Glueckstein

Andrew G. Dietderich
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004-2498
P:  (212) 558-4000
F:  (212) 558-3588
Email: gluecksb@sullcrom.com
       dietdericha@sullcrom.com

*Of Counsel*

Michael J. Summersgill
Jordan L. Hirsch
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Tel: (617) 526-6000
Fax: (617) 526-5000
Email: michael.summersgill@wilmerhale.com
       jordan.hirsch@wilmerhale.com

Nina S. Tallon
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone:  (202) 663-6000
Facsimile:  (202) 663-6363
Email: nina.tallon@wilmerhale.com

*Attorneys for Eastman Kodak Company*